UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

DWAYNE YOUNG, :
:
      Plaintiff, :
   v. : No. 2:15-cv-06884
:
JOHN E. WETZEL; JOHN THOMAS; :
CORRECT CARE SOLUTIONS; :
SHIRLEY LAWS-SMITH; ALICIA D. ROSS; :
ANTHONY ROPER; DAVID BRICE; :
DR. RAUL YANKELEVICH; :
DR. LEE HANUSCHAK; JOHN NICHOLSON, :
:
      Defendants. :
_____

**O P I N I O N**
**Defendants' Motions to Dismiss, ECF Nos. 16-17 - Granted**

**Joseph F. Leeson, Jr.**                                                            **August 29, 2017**
**United States District Judge**

## I.    Introduction

Plaintiff Dwayne Young filed this pro se action on December 31, 2015, against Defendants John E. Wetzel, Secretary of the Department of Corrections; John Thomas, Superintendent at State Correctional Facility Chester ("SCI-Chester"); Shirley Laws-Smith, Correctional Health Care Administrator ("CHCA"); Alicia D. Ross, Assistant CHCA; Anthony Roper (identified as "A Croper"), Corrections Officer; David Brice (identified as "D R Brice"), Corrections Officer; Correct Care Solutions; Dr. Raul Yankelevich; Dr. Lee Hanuschak; and John Nicholson, PA-C. Young asserts a cause of action against Defendants under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights, as well as claims sounding in medical malpractice and negligence. Young has alleged, *inter alia*, that his wrist and hand were injured while being transported in a prison van and that he did not receive treatment until the following

1

day. He further alleges the treatment that he did receive was insufficient and when he brought this to the attention of the prison officials, they declined to intervene on his behalf. Young alleges that his injuries were misdiagnosed and, as a result, the treatment for his injuries was inadequate.

Defendants Wetzel, Thomas, Laws-Smith, Ross, Roper, and Brice (collectively "Commonwealth Defendants"), and Defendants Correct Care Solutions, Dr. Yankelevich, Dr. Hanuschak, and Nicholson (collectively "Medical Defendants") have filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). For the foregoing reasons, this Court grants Defendants' motions.

## II. Background

According to the Complaint, on July 17, 2014, Young was being transported from SCI-Chester to his cancer treatment at Mercy General Hospital in Norristown, Pennsylvania, by Corrections Officers Roper and Brice. Compl. at 4, EFC No. 1. Roper helped Young into the back of the van and "put the first chest belt restrain[t] across [Young's] chest while the handcuffs had both of [his] hands against [his] chest." *Id.* Young alleges that the wrong restraint was used. *Id.* at 8-9. Roper then drove the van around the corner "fast," which caused Young's body to shift and be "thrown out of the seat against the inside of the back door of the van." *Id.* Roper stopped the van and helped Young back into the seat. *Id*. Roper asked Young if he was okay, when Young responded that "[his] hands was [sic] hurting a lot from the handcuffs" Roper told Young that "he was going to be alright." *Id.* at 5. Young alleges that his wrist and thumb began to swell and that neither Roper nor Brice reported his injury when they returned to the prison nor took Young to get medical attention. *Id.* at 5.

Young alleges that the following day, July 18, 2014, he was seen in the medical department by Dr. Yankelevich, who asked a nurse to take some pictures of Young's left wrist and hand. Compl. at 7. After the examination, Dr. Yankelevich wrapped Young's hand in an ace bandage, gave him ice to put on it, and ordered an X-ray to rule out a fracture. *Id.* Nearly a year later, Young reported that his left wrist continued to swell and he was seen by John Nicholson, PA-C, who provided him with a thumb splint, prescribed Motrin for pain relief, and scheduled Young for physical therapy. Compl. Ex. at 19.

On May 5, 2015, Young issued a Request to Staff Member to determine why his hand continued to swell. Compl. Ex. at 20. Dr. Hanuschak responded on May 7, 2015, stating that "some things take time to heal and we will be continuing to monitor and evaluate how you are doing." *Id.* Young also wrote to Laws-Smith and to Ross about going to the hospital for follow-up treatment because his medical problems had not resolved, to which Laws-Smith responded with an explanation of Young's treatment to date and said that he had already been seen by the Medical Director. Compl. Ex. at 15-16.

Young brings this suit contending that the Medical Defendants ignored his complaints, negligently treated his hand, and misdiagnosed his injures. Compl. at 8. Young also avers that the Commonwealth Defendants caused his injuries by putting him in the wrong restraints and handcuffing him too tightly, then failed to intervene on his behalf after he complained of deficient medical treatment. *Id.* at 7.

### III.     Standard of Review

When rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

3

to relief." *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" *Id.*; *Phillips*, 515 F.3d at 233 (quoting *Twombly*, 550 U.S. at 563 n.8). While Rule 8 of the Federal Rules of Civil Procedure, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing *Twombly*, 550 U.S. at 555)); Fed. R. Civ. P. 8(a)(2). For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d 224, 232 (citing *Twombly*, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555). This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" *See id.*, 515 F.3d at 234 (quoting Fed. R. Civ. P. 8(a)(2)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Detailed factual allegations" are not required, *id.* at 678 (quoting *Twombly*, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," *id.* at 680 (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Traditionally, pro se plaintiffs' complaints have been liberally construed, only dismissed if the plaintiff can prove no set of facts to support the claim. *See United States. v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**IV. Analysis**[1]

**A. Dismissal is warranted for Young's § 1983 claim against Wetzel for failure to allege his personal involvement.**

Pursuant to 42 U.S.C. § 1983, Young has alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment. Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (1996). A plaintiff must show that the defendant, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury. *Elmore v. Cleary*, 399 F.3d 279, 280 (3d Cir. 2005) (quoting *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998)).

Further, a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. *Rode v. Dellaciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981)). Personal involvement can be shown through allegations of personal direction or of actual knowledge or acquiescence; however, the allegation must be made with the appropriate particularity. *Rode*, 854 F.2d at 1207. *See also Boykins v. Ambridge Area School Dist.*, 621 F.2d 75, 80 (3d Cir. 1980) (explaining that a civil rights complaint is adequate where it states time, place, and persons responsible.)

---

[1] Medical Defendants assert that Young has failed to exhaust administrative remedies as one of their bases for their motion to dismiss. However, for this stage of the proceedings, the Court accept all factual allegations as true, and construes the complaint in the light most favorable to the plaintiff. Young has alleged that the grievance process has been completed. Thus, the motion to dismiss on exhaustion grounds is denied without further discussion. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002).

Here, Young avers that Wetzel "knows about the abuse that all inmates are subject to from the prison staff and the medical staff's negligence." Compl. at 6. However, Young has failed to assert facts that support this claim. Nothing in the Complaint suggests that Wetzel was involved in the acts complained of or that they were done with his knowledge and acquiescence. Rather, Young's claims are built upon the hypothesis that Wetzel had knowledge of inmate abuse simply because of his position as the Secretary of the Department of Corrections. This claim relies on the doctrine of respondeat superior and alleges no specific act by Wetzel related to the abuse and is therefore dismissed. *See, e.g., Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990) (holding that an inmate could not prevail on a claim against the superintendent of a correctional institute, in the absence of evidence suggesting personal involvement of the superintendent). Although this Court questions whether sufficient facts can be pled to show Wetzel's personal involvement, it cannot conclude at this stage that an amendment would be futile and therefore grants Young leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that a court should allow leave to amend a deficient complaint unless it would be inequitable or futile).

### B. Dismissal of the claim against Thomas is warranted because there are no allegations of his personal involvement.

Young complains that Thomas, the Superintendent of SCI-Chester, was informed that Young was injured in the van incident with Roper and Brice and was not receiving proper medical treatment for his injuries, but that his grievance was not answered. *See* Compl. at 6. As with Wetzel, Young has failed to allege Thomas's personal involvement beyond that of his supervisory position. *See Rode*, 845 F.2d at 1207. Additionally, to the extent that Thomas may have failed to respond to Young's grievances, this does not state a constitutional violation. *See Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (holding that "an inmate has no

7

constitutional right to a grievance procedure"). Moreover, because Young did receive medical treatment for his injuries, Thomas may rely on the judgment of medical personnel as to whether additional treatment is necessary. *See James v. Pennsylvania Dep't. of Corr.*, 230 F. App'x 195, 198 (3d Cir. 2007); *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Accordingly, the claim against Thomas is dismissed. Although this Court doubts whether Young can allege sufficient facts to state a claim against Thomas, it cannot conclude that amendment would be futile and grants Young leave to amend.

**C. The claims against Laws-Smith and Ross are dismissed because there are insufficient allegations of deliberate indifference or personal involvement.**

Young alleges that he wrote to Laws-Smith and to Ross, the Correctional Health Care Administrator and Assistant CHCA, requesting to see a specialist and seeking additional treatment for his injuries. He asserts that his requests were denied. *See* Compl. at 7. Young avers that because of their failure to intervene, Laws-Smith and Ross were deliberately indifferent to his serious medical needs. Beyond their supervisory positions and alleged receipt of Young's complaints, however, Young alleges no personal involvement by either Defendant.

As previously discussed, Young cannot simply rely on respondeat superior as a theory of liability. *See Rode*, 845 F.2d at 1207. Moreover, while deliberate indifference to serious medical needs is a violation of the Eighth Amendment[2] and actionable under § 1983, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976), a defendant acts with deliberate indifference only if he or she recklessly disregards a substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Because the standard is recklessness, "prison officials who actually knew of a substantial risk to the inmate's health or safety may be found free from liability if they responded

---

[2] Had Young also been attempting to assert a medical malpractice claim against these Defendants, that claim would also be dismissed because he failed to file a certificate of merit, the requirement for which is more fully addressed in Section G below.

8

reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 834. Because Young received medical care for his injuries and prison officials have no obligation to adhere to the subjective treatment wishes of the inmate, *see Davis v. Prison Health Servs., Inc.*, 558 F. App'x 145, 150 (3d Cir. 2014), the claims are dismissed without prejudice.

> **D. Young's Excessive Force claims against Roper and Brice are dismissed because there are insufficient allegations of deliberate indifference.**

In Young's Complaint, he asserts an excessive force claim based on his allegations that the injuries to his hand and wrist were caused by Correctional Officer Roper's actions of putting Young in the wrong seatbelt that "caused [Young] to fall out and off of the second bench seat in the prison van, when [Roper] turned the corner in the prison yard at a fast pace," and by the fact that the handcuffs were too tightly applied, which neither Roper or Brice corrected. Compl. at 9.

Unnecessary and wanton infliction of pain constitutes a violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). An Eighth Amendment excessive force claim must show more than "indifference," deliberate or otherwise. *Farmer*, 511 U.S. at 835. The claimant must show that officials applied force "maliciously and sadistically for the very purpose of causing harm." *Id. (citing Hudson*, 503 U.S. at 6). Deliberate indifference is somewhere between the poles of negligence and purpose or knowledge, as such courts of appeals have routinely equated deliberate indifference with recklessness. *See e.g., LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993); *Manarite By and Through Manarite v. City of Springfield*, 957 F.2d 953, 957 (1st Cir. 1992). A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards a serious risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 837.

Young does not allege that Roper drove the van in a reckless manner or with the intent to cause harm to Young. Young also does not allege that he made it known to either Roper or Brice that he did not think the seatbelt was placed on him properly, which might put both officers on notice that a potential risk of harm could occur. There are no allegations of Roper and Brice demonstrating deliberate indifference to Young's well-being. In fact, there is evidence to the contrary: Roper placed Young in a seatbelt before driving off, and after Young fell off the seat Roper pulled over to help Young back in and asked him if he was alright. *See* Compl. at 5. Young told Roper that his "hands were hurting a lot from the handcuffs," but he did not say that he thought he hurt his hands from the fall, that he was seriously injured, or anything that would put Roper and Brice on notice of the potential injury. Moreover, it does not appear that Roper intended to cause Young's harm, knew that serious injury was substantially certain to occur, or was otherwise aware of a substantial risk of harm to Young's health or safety which Roper and Brice ignored. At most, Young's allegations sound in negligence, rather than in deliberate indifference, but an allegation of negligence does not amount to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 105. Nevertheless in light of Young's allegations that the wrong restraint was used, that he informed the Defendants his handcuffs were too tight, and his claim that Brice simply sat in the front at when he was injured, this Court cannot conclude at this time that an amendment would be futile and therefore grants Young leave to amend this claim. *See Grayson*, 293 F.3d at 108.

**E. Young's claim against Correct Care Solutions is dismissed because it is based on the theory of respondeat superior.**

Young complains that "the staff of medical contractors providers was aware of misdiagnosis that the doctors are doing [sic] when they are mandating treatment for the inmate's needs that is so obvious that even a lay person would easily recognize the necessity for a doctor's

10

attention." Compl. at 6. However, the Supreme Court in *Monell* held that although municipalities and other local governmental bodies are 'persons' within the meaning of Section 1983, a municipality may not be held vicariously liable under Section 1983 solely because of the existence of an employer-employee relationship with the tortfeasor. *Patterson v. Armstrong Cty. Children and Youth Servs.*, 141 F. Supp. 2d 512, 525 (W.D. Pa. 2001) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 689 (1978)). Similarly, a "private entity that is a state actor 'may not be held vicariously liable under § 1983 for the actions of its agents' because '[t]here is no *respondeat superior* theory of municipal liability.'" *Regan v. Upper Darby Tp.*, 363 F. App'x 917, 922 (3d Cir. 2010) (quoting *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006)). When execution of a government's policy or custom, however, inflicts the injury, the entity is responsible under § 1983. *Id.* There is no allegation that there was any form of policy or practice by Correct Care Solutions that the medical staff was to misdiagnose and not adequately care for inmate-patients' needs; therefore, he failed to state a claim upon which relief can be granted and the motion to dismiss is granted. Because leave to amend should be freely granted, this Court will afford Young an opportunity to plead additional allegations to support this claim.

It is noted, however, that Correct Care Solutions can only be held liable for any constitutional deprivations suffered by Young if "there is a direct causal link between a … policy or custom and the alleged constitutional deprivation." *Regan*, 363 F. App'x at 923 (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). A direct causal link can be shown in two ways. First, "a body [such as Correct Care Solutions]… can be sued directly if it is alleged to have caused a constitutional tort through 'a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers.'" *Regan*, 363 F. App'x at 922-23 (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)). Second, the claimant can

11

establish the requisite causal link between the constitutional deprivation and a custom, "even though such a custom has not received formal approval through the body's official decision making channels." *Regan*, 363 F. App'x at 923 (citing *Monell*, 436 U.S. at 690).

To the extent that Young may have intended to also assert a medical malpractice claim based on the acts of Correct Care's employees, the claim is dismissed for Young's failure to file a certificate of merit, as discussed in more detail in Section G below.

### F. Young's Eighth Amendment claims against Dr. Yankelevich, Dr. Hanuschak, and Nicholson, PA-C, are dismissed because there is no showing of deliberate indifference.

Young claims Dr. Yankelevich, Dr. Hanuschak, and John Nicholson, PA-C, violated his Eighth Amendment rights by demonstrating deliberate indifference to his serious medical needs, such that they failed to properly diagnose his wrist, thumb, and hand injury. Compl. at 7-8. Young alleges that he should have been seen by a specialist and more should have been done to rehabilitate his injuries. Compl. Ex. at 19.

As previously discussed, deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104. This is true if the indifference is manifested by prison doctors in their response to prisoners' needs. *Id.* In order to sustain this constitutional claim under § 1983, a claimant must make (1) a subjective showing that "the defendants were deliberately indifferent to [his or her] medical needs" and (2) an objective showing that "those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle*, 429 U.S. at 106. Further, medical malpractice does not become a constitutional violation merely because the victim is a

prisoner. *Id.* In order to state a successful claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Id.*

The Complaint and the attached exhibits of medical and grievance records reveal the treatment that Young received. To wit, the day after the incident he was seen in the prison medical department by Dr. Yankelevich, who provided Young with an ace bandage and ice, and ordered that an X-ray of his left wrist done. Compl. at 7. A year later when Young still complained of the swelling in his wrist and thumb, he was provided a thumb splint, prescribed Motrin for pain relief, and was scheduled for physical therapy. Compl. Ex. at 19. The Complaint and exhibits reveal that Young's treatment ranged from X-rays, pain medication, physical therapy, splints, and an ace bandage. Despite this treatment, Young was still not satisfied and wanted to see a specialist.

An inmate's "[m]ere disagreements as to the proper medical treatment" does not "support a claim of an Eighth Amendment violation." *Monmouth Cty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). *See also Williams v. Macut*, 677 F. App'x 40, 41 (3d Cir. 2017). When medical care is provided, courts presume "that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Pearson v. Prison Health Servs.*, 850 F.3d 526, 535 (3d Cir. 2017); s*ee also Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("It is well established that as long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights"). Further, courts will "disallow any attempt to second-guess the propriety or adequacy of a particular course of treatment which remains a question of sound professional judgment." *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)).

At most, Young's allegations rise to the level of medical negligence, which is not actionable under § 1983. *See Estelle*, 429 U.S. at 105 (allegations of negligence and medical malpractice do not rise to the level of an Eighth Amendment violation). Thus, these Eighth Amendment claims are dismissed with prejudice. *See Williams*, 677 F. App'x at 41 (concluding that in light of the treatment received, the district court did not err in denying leave to amend).

### G. Young's professional negligence claims against Dr. Yankelevich, Dr. Hanuschak, Nicholson, PA-C, and Correct Care Solutions are dismissed because Young failed to file a certificate of merit.

Young alleges that the doctors who treated him for his hand, wrist, and thumb injury were negligent. Compl. at 7-8.

The Pennsylvania Rules of Civil Procedure[3] prescribe a course of action a claimant must go through in bringing a professional negligence suit. Rule 1042.3 requires a plaintiff in a medical malpractice action to file a certificate of merit along with the complaint or within sixty days thereafter attesting that "an appropriate licensed professional[4] has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Pa. R. Civ. P. 1042.3(a)(1).

As Dr. Yankelevich and Dr. Hanuschak are physicians licensed by the Commonwealth of Pennsylvania; Defendant, John Nicholson, PA-C, is a physician assistant licensed by the Commonwealth of Pennsylvania; and Defendant, Correct Care Solutions, is a licensed

---

[3] The Third Circuit Court of Appeals has held that Rule 1042.3 is substantive law that must be applied by federal courts under *Eerie R.R. v. Thompkins*, 304 U.S. 64, (1983). *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011).

[4] For the purposes of Rule 1042.3, a "health care provider" under section 503 of the Medical Care Availability and Reduction of Error Act, is considered to be a "licensed professional." 40 Pa. Stat. and Cons. Stat. Ann. §1303.503 (West 2007).

corporation that provides medical care to inmates in the Commonwealth, these Defendants are healthcare providers as defined in the statute. 40 Pa. Stat. and Cons. Stat. Ann. §1303.503 (West 2007). However, Young has not filed a certificate of merit nor provided a reasonable excuse for failing to do so. Thus, these claims are dismissed without prejudice to be refiled with a certificate of merit.

**V.     Conclusion**

Even in light of the lenient standards applied to pro se complaints, Young has failed to allege sufficient facts to survive a motion to dismiss for failure to state a claim. The motions to dismiss are therefore granted. The Eighth Amendment claims against Dr. Yankelevich, Dr. Hanuschak, and Nicholson, PA-C, are dismissed with prejudice, while all other claims are dismissed without prejudice to Young's right to file an amended complaint.

Young is advised that an "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new pleading which stands by itself without reference to the original complaint. *Id.* The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

A separate order follows.

                                                             BY THE COURT

                                                             */s/ Joseph F. Leeson, Jr.*
                                                             JOSEPH F. LEESON, JR.
                                                             United States District Judge